JAMES GREEN, RESPONDENT, *v.* THE HOMESTEAD FIRE INSURANCE COMPANY, APPELLANT.

*Policy of insurance — condition against incumbrances — the filing of a mechanic's lien is not a violation thereof.*

A policy of insurance provided that the company should not be liable "if without written consent hereon, the property shall hereafter become incumbered in any way." Subsequent to the issuing of the policy a mechanics' lien was filed against the property, but no proceedings were ever taken to enforce the same. It was not shown that plaintiff had knowledge of the filing of the lien until after the destruction of the property by fire.

*Held,* that the filing of the lien did not create an incumbrance within the meaning of the condition, and that the policy was not avoided thereby.

APPEAL from a judgment in favor of the plaintiff, entered upon a trial before the court without a jury.

The action was brought upon a policy of insurance against loss by fire, issued to plaintiff by the defendant. The policy contained a clause conditioned that the company should not be liable for any loss by invasion, * * * "*nor, if, without written consent hereon, the property shall hereafter become incumbered in any way ;*" "nor, if the interest of the *insured therein be changed in any manner*,

*whether by the act* of the insured or by operation of law." * * *
The defendant set up that a mechanics' lien was filed for $118,21
upon the premises September 19, 1876, subsequent to the issue
of the policy and before the fire.    The plaintiff proved that nothing
was ever done under the mechanics' lien ; to the admission of the
proof of which fact the defendant objected and excepted.    The
policy covered personal property, and the building — and a recovery
was had for both properties.    The defendant insists that the policy
was avoided by the mechanics' lien.

*F. W. Hubbard*, for the appellant.

*J. Welling*, for the respondent.    The notice of lien filed Sep-
tember 19, 1876, was not an incumbrance within the words or
import of any condition of the policy, as ordinarily used and
understood.    (*Rann* v. *Home Ins. Co.*, 59 N. Y., 387; *Reynolds*
v. *Com. Fire Ins. Co.*, 47 id., 597, 604–605; *Breastead* v. *Farm
L. and T. Co.*, 8 id., 299, 305; *Colt* v. *Phœnix Fire Ins. Co.*, 54
id., 595.)    If it is held the policy was void as to the house burned,
by reason of the notice of lien, still the recovery for the value of
the personal property destroyed must be sustained.    (*Merrill* v.
*Agricultural Ins. Co.*, 10 Hun, 428; affirmed by Ct. of App., 7
N. Y. Weekly Dig., 59.)

HARDIN, J. :
    The mechanics' lien filed was not a specific incumbrance, and
were we satisfied to follow *Owen* v. *Farmers' Joint Stock Ins.
Co.* (57 Barb., 525), it might be declared not an incumbrance
upon the property.    We prefer, however, to consider another
view of the point involved.
    The mere filing of the notice under the mechanics' act would
not give a right to a judgment.    The subsequent steps must be
taken prescribed by the statute.    (Laws of 1873, chapter 489.)
The judgment to be given under that act " establishes the amount"
of the liens.    (Section 11, Laws of 1873, chap. 489, p. 746.)
    But the language of the policy under consideration is : " Nor
if without *written consent hereon*, the property shall hereafter
become incumbered in any way " shall the company be liable.

This provided for a forfeiture, and must be strictly construed against the insurer. (*Hitchcock* v. *North-Western Ins. Co.*, 26 N. Y., 70; *Kitts* v. *Massasoit Ins. Co.*, 56 Barb., 182.)    The first part of the clause contemplates obtaining " consent of the company." The proof here does not show that knowledge was obtained by the assured of the filing of the lien prior to the fire. How, then, could he have obtained " consent " contemplated by the first part of the clause under consideration ? The language is to receive construction, in the light of the objects to be obtained by the parties by its use, and the circumstances surrounding them. It contemplated any "incumbering " by the party insured ; any voluntary act of incumbrance. (Wood on Insurance, § 326, p. 552; *Strong* v. *Manf. Ins. Co.*, 10 Pick., 40; *Franklin* v. *Findley*, 6 Whart. [Penn.], 483.)

There was no incumbrance put upon the property *by the assured*, and he is not shown to have *known* of the *filing* of the mechanics' notice. He did not *voluntarily* incumber the property, nor have any opportunity, after he had notice of it, to obtain the " consent " of the company. We may, therefore, hold that the property was not incumbered by the party, nor did it become incumbered within the spirit and letter of the stipulations found in the policy. There was no change in the interest of the assured shown. (*Ætna Ins. Co.* v. *Tyler*, 16 Wend., 385; *Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y., 70; 56 Barb., 182, *supra ; Savage* v. *Howard Ins. Co.*, 52 N. Y., 506.)

The judgment at the circuit should be affirmed.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed.